IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| COURTNEY AJNA EL, | : | |
| Plaintiff, | | Case No. 3:23-cv-222 |
| v. | : | JUDGE WALTER H. RICE |
| BOYD WILLIAM GENTRY, et al., | | |
| Defendants. | : | |

---

DECISION AND ENTRY OVERRULING AS MOOT DEFENDANTS BOYD WILLIAM GENTRY'S AND THE LAW OFFICE OF BOYD W. GENTRY, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO ALL CLAIMS, DOC. #9, AND OVERRULING WITHOUT PREJUDICE PLAINTIFF COURTNEY AJNA EL'S MOTION FOR MEDIATION CONFERENCE, DOC. #13

---

This matter comes before the Court on the Motion for Judgment on the Pleadings as to all Claims of Defendants Boyd William Gentry and the Law Office of Boyd W. Gentry, LLC. 12(c) Motion, Doc. #9. Plaintiff Courtney Ajna El filed a Response in Opposition to Defendants' Motion for Judgment on the Pleadings, Doc. #11, and an Amended Complaint. Doc. #12. In addition, Plaintiff filed a Motion for Mediation Conference and Actual Damages (*sic*). Mediation Motion, Doc. #13.[1] For

---

[1] Plaintiff's submitted Motion is labeled as a "Motion Regarding Fraud." Doc. #13, PageID #260. This Motion consists of a mix of conclusory statements and allegations already found in Plaintiff's Amended Complaint. See Doc. #12. In the Motion, Plaintiff requests the Court to "assign the case for one or more mediation conferences pursuant to S.D. OHIO CIV. R. 16.3(a)(1)." Doc. #13, PageID #266. In addition, Plaintiff requests to "use one or more ADR processes at the conference held pursuant to FED. R. CIV. P. 26(f)." *Id.* To reflect Plaintiff's requests, the Court construes this Motion as a Motion for Mediation.

the reasons below, Defendants' 12(c) Motion is OVERRULED AS MOOT, and Plaintiff's Mediation Motion is OVERRULED WITHOUT PREJUDICE.

I. **Procedural Background**

Plaintiff Courtney Ajna El filed suit against Boyd William Gentry and the Law Office of Boyd W. Gentry, LLC in this Court on August 4, 2023, alleging various violations of the Fair Debt Collection Practices Act of 1977, 15 U.S.C. § 1692 *et seq*. Complaint, Doc. #4. In the initial Complaint, Plaintiff alleged unlawful communication with third parties in violation of 15 U.S.C. § 1692c(a) (Claim One); unlawful harassment and abuse in violation of 15 U.S.C. § 1692d (Claim Two); false, misleading, or deceptive representations to a consumer in violation of 15 U.S.C. § 1692e (Claim Three); unfair means to collect debts in violation of 15 U.S.C. § 1692f(1) (Claim Four); failure to verify and validate the debt in violation of 15 U.S.C. 1692g(b) (Claim Five); unauthorized legal actions by debt collectors in violation of 15 U.S.C. § 1692i(b) (Claim Six); and furnishing deceptive forms in violation of 15 U.S.C. § 1692j(a) (Claim Seven). *Id*. at PageID ##85-91, ¶¶ 46-54.

Defendants filed an Answer to the Complaint on October 24, 2023, Doc. #8, and, on the same day, their 12(c) Motion. Doc. #9. Plaintiff filed both a memorandum *contra*, Doc. #11, and an Amended Complaint[2], Doc. #12, on November 14, 2023. In addition, Plaintiff filed the Mediation Motion on December 8, 2023. Doc. #13. Defendants did not file a response to the motion.

---

[2] The Amended Complaint was filed in a timely manner and as a matter of right pursuant to FED. R. CIV. P. 15(a)(1)(B).

2

These motions are now ripe for review.

## II.   Legal Analysis

### A. Defendants' Motion for Judgment on the Pleadings

Defendants filed their Motion for Judgment on the Pleadings, Doc. #9, in response to Plaintiff's initial Complaint, Doc. #4, and prior to the filing of the Amended Complaint. Doc. #12. An amended complaint supersedes the original complaint and renders the latter a legal nullity[3]. *See B&H Med., LLC v. ABP Admin, Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008). As the 12(c) Motion focuses on the now-superseded original Complaint, it is OVERRULED AS MOOT.

### B. Plaintiff's Motion for Mediation

Plaintiff filed a "Motion Regarding Fraud" on December 8, 2023. Doc. #13. On the first page of the motion, Plaintiff states that it is filed pursuant to FED. R. CIV. P. 9(b). *Id.* at PageID #260. Conversely, on the last page of the motion, Plaintiff requests this Court to assign the case for mediation conferences pursuant to S.D. OHIO CIV. R. 16.3(a)(1). *Id.* at PageID #266.

Under the Federal Rules of Civil procedure, certain types of civil complaints are required to meet heightened pleading requirements. Among these certain types of cases are ones in which fraud is alleged. FED. R. CIV. P. 9(b). Under these circumstances, the complaint must include particularity concerning the circumstances constituting fraud. *Id.* Rule 9(b)'s "particularity rule serves an

---

[3] Understanding this, Defendants have filed a Motion to Dismiss all Claims, Doc. #19, addressing the Amended Complaint. This second Motion will be ripe for decision on October 2, 2024 and therefore remains pending.

3

Case: 3:23-cv-00222-WHR-PBS Doc #: 22 Filed: 08/23/24 Page: 4 of 5 PAGEID #: 406

important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. Prather v. Brookdale Senior Living Communities, Inc.*, 838 F.3d 750, 771 (6th Cir. 2016). In other words, this Rule serves to assist defendants who may otherwise be left wondering exactly which actions purportedly constituted fraudulent conduct. *Id.*

Plaintiff also references Local Rule 16.3(a)(1) in their motion. Under that Rule, the Court is permitted to assign a qualifying civil case for alternative dispute resolution ("ADR") "at such times during the progress of the case as appear appropriate." S.D. OHIO CIV. R. 16.3(a)(1). The Local Rules also instruct parties to consider the use of ADR when holding their Rule 26(f) conference and when they confer about the structure of discovery. S.D. OHIO CIV. R. 16.3(a)(2). While there is no requirement that ADR wait until discovery has concluded, local practice has developed a preference to do so in order to focus potential settlement discussions efficiently. The Court sees no need to diverge from that path at this point.

To the extent that Plaintiff's motion is meant to meet the requisite particularity for alleging fraud under Rule 9(b), it is unneeded. Plaintiff's Amended Complaint contains the same factual allegations found in this motion and therefore this particularity is duplicative and unnecessary. To the extent that the motion pertains to the use of ADR, the Court finds that the timing is premature. For that reason, the Mediation Motion is OVERRULED WITHOUT PREJUDICE and may be refiled at a later date, if Plaintiff's Amended Complaint survives Defendant's renewed Motion for

4

Judgment on the Pleadings directed to their Amended Complaint.

### III. Conclusion

For the reasons set forth above, Defendants' 12(c) Motion, Doc. #9, is OVERRULED AS MOOT and Plaintiff's Mediation Motion, Doc. #13, is OVERRULED WITHOUT PREJUDICE to renew if Plaintiff's Amended Complaint survives Defendant's Motion for Judgment on the Pleadings.

Date: August 23, 2024

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE