IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| COURTNEY AJNA EL, : | |
|     Plaintiff, | |
| v. : | Case No. 3:23-cv-222 |
| BOYD WILLIAM GENTRY, et al., | JUDGE WALTER H. RICE |
|     Defendants. : | |

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO DISMISS ALL CLAIMS, DOC. #19; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter comes before the Court on a Motion to Dismiss all Claims filed by Defendants Boyd William Gentry and the Law Office of Boyd W. Gentry, LLC (collectively "Defendants"). Doc. #19. Plaintiff Courtney Ajna El ("Plaintiff") filed a Response in Opposition to Defendants' Motion to Dismiss. Doc. #23. Defendants did not file a reply and, as the time to do so has elapsed, their right to file a reply is considered waived.

For the reasons set forth below, Defendants' Motion to Dismiss All Claims, Doc. #19, is SUSTAINED.

I.  **Procedural Background**

Plaintiff filed suit against Defendants in this Court on August 4, 2023, alleging various violations of the Fair Debt Collection Practices Act of 1977 ("FDCPA" or "Act"), 15 U.S.C. § 1692 *et seq.*, Doc. #4. In the initial complaint, Plaintiff alleged unlawful communication with third parties in violation of 15 U.S.C. § 1692c(a) (Count One); unlawful harassment and abuse in violation of 15 U.S.C. § 1692d (Count Two); false, misleading, or deceptive representations to a consumer in violation of 15 U.S.C. § 1692e (Count Three); unfair means to collect debts in violation of 15 U.S.C. § 1692f(1) (Count Four); failure to verify and validate the debt in violation of 15 U.S.C. § 1692g(b) (Count Five); unauthorized legal actions by debt collectors in violation of 15 U.S.C. § 1692i(b) (Count Six); and furnishing deceptive forms in violation of 15 U.S.C. § 1692j(a) (Count Seven). Doc. #4, PageID #85–91.

Plaintiff filed an Amended Complaint, Doc. #12, on November 14, 2023. The Amended Complaint alleges the same seven counts initially alleged as well as violations under the Sherman Antitrust Act, 15 U.S.C. §§ 1–7. Doc. #12, PageID #206. Defendants failed to timely respond to the Amended Complaint.

Defendants filed a Motion for Leave to File a Motion to Dismiss on December 9, 2023. Doc. #14. This Motion for Leave to File contained the intended Motion to Dismiss as an attachment. Plaintiff filed a Response in Opposition to the Motion for

2

Leave to File on December 11, 2023. Doc. #15. In substance, this response was aimed at the merits of the underlying Motion to Dismiss, rather than the Motion for Leave to File itself. The Court granted the Motion for Leave to File on March 29, 2024. Doc. #17. Plaintiff filed a Response in Opposition to the Motion to Dismiss on April 19, 2024. Doc. #18.

On May 29, 2024, it was discovered that when Defendants' Motion for Leave to File was granted, the attached motion was never formally docketed. As a result, the Court sua sponte docketed and backdated the Motion to Dismiss to March 29, 2024, the date that the Motion for Leave to File was sustained. Doc. #19. After twice receiving extensions to respond to the new docketing event, Plaintiff filed a second Response to the Motion to Dismiss on October 1, 2024. Doc. #23.

This motion is now ripe for review.

**II.    Factual Background**

Plaintiff's seven claims all stem from the same nucleus of facts upon which Plaintiff contends that she was subjected to abusive, deceptive, or unfair debt collection practices from Defendants. Doc. #12, PageID #197. However, this is not the first time that Plaintiff has filed these claims against these Defendants. Plaintiff originally filed suit against Defendants in the Northern District of Ohio. *See El v. CBE Grp., Inc.*, 1:22-cv-869 (N.D. Ohio).

In the prior case, Plaintiff made many of the same claims she makes here. Specifically, she claimed: (1) Defendants failed to disclose their status as a debt collector; (2) Defendants made false or misleading representation in violation of the FDCPA; (3) Defendants subjected her to harassment and abuse in violation of the FDCPA; (4) Defendants failed to cease communication in violation of the FDCPA; (5) Defendants failed to pay an invoice Ajna El had sent them. *El v. CBA Grp., Inc.*, 1:22-cv-869, Doc. #16, PageID ##130-35 (N.D. Ohio Sep. 1, 2022).

District Court Judge Charles E. Fleming of the Northern District of Ohio dismissed the claims, finding that Plaintiff both failed to state a claim upon which relief may be granted and failed to establish the court's subject matter jurisdiction over the case. *El v. CBA Grp., Inc.* at Doc. #47, PageID #608 (N.D. Ohio July 14, 2023). Less than three weeks after Judge Fleming's opinion and order, Plaintiff filed the present suit before this Court.

## III. Legal Standard

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to state a claim for relief adequately. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than

5

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. Analysis

Defendants assert that Plaintiff's claims are barred by the doctrine of res judicata and issue preclusion. They argue that the dismissal of Plaintiff's prior action bars this suit as a matter of law. Doc. #19, PageID #376. Plaintiff contends that they are asserting new claims in the Amended Complaint and therefore should not be precluded from bringing this suit. Doc #18, PageID #313.

The doctrine of collateral estoppel, or issue preclusion, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir.1990). With respect to the doctrine of res judicata, Defendants must establish the elements below:

(1) a final decision on the merits by a court of competent jurisdiction;
(2) a subsequent action between the same parties or their 'privies';
(3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
(4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir.2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997)).

As to the first element, a determination of whether an issue was decided on the merits in the prior case will rest on whether it was dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or whether it was merely dismissed for lack of subject matter jurisdiction. A "dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (internal quotation omitted). A dismissal for lack of subject matter jurisdiction, however, does not operate as an adjudication on the merits and would not preclude further litigation. *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004).

Judge Fleming's Opinion and Order dismissing the prior case set out his findings when it came to the applicability of the FDCPA to the dispute. First, the court determined that Plaintiff's debt at the center of the controversy was not debt covered by the FDCPA. *El v. CBA Grp., Inc.* at Doc. #47, PageID #605 (N.D. Ohio July 14, 2023) ("Plaintiff's income tax debt is not a debt as defined by the Act, because it is not a debt arising from a consumer transaction. Therefore, the Court

7

finds that Plaintiff's tax debt is not within the purview of the FDCPA."). Second, the prior court determined that Defendants were not considered debt collectors under the FDCPA. *Id.* at PageID #607 ("Plaintiff has failed to make any plausible claim that [Defendants] are debt collectors for purposes of the FDCPA.").

With these findings in mind, Judge Fleming determined that both the failure to state a claim upon which relief could be granted and the failure to establish the court's subject matter jurisdiction were each independent and adequate grounds to warrant dismissal. Therefore, because the court found that Plaintiff failed to state a claim upon which relief could properly be granted, the first element to invoke preclusion is met.

The second element is that a subsequent action be between the same parties or their "privies." This case presents the same Plaintiff, and the suit has been brought against the same Defendants as the prior case. Thus, this element is also met.

The third element is that the subsequent action involves an issue which was litigated, or which should have been litigated in the prior action. The first seven counts of Plaintiff's Amended Complaint follow her complaint from the prior case almost identically. *Compare* Doc. #12 *with El v. CBA Grp., Inc.*, 1:22-cv-869, Doc. #16, PageID ##130–35 (N.D. Ohio Sep. 1, 2022). These claims were litigated and decided by the court, as recognized by the finding that neither Defendants nor the debt at the center of the controversy was covered by the FDCPA. *El v. CBA Grp.,*

8

*Inc.* at Doc. #47, PageID ##605, 607. Plaintiff's additional claims, violations of 15 U.S.C. §§ 1, 2, were not brought in the prior case, but still arise out of the same set of facts as did the first seven counts and involve the same period. Accordingly, these new claims could and should have been litigated in the prior suit. The third element is therefore met as to all counts in the Amended Complaint.

The fourth and final element requires an identity of the causes of action. An identity of causes of action exists "if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008). The critical consideration is the extent to which there is operative "factual overlap" between the claims. *Heike v. Cent. Mich. Univ. Bd. Of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014). Plaintiff's current allegations arise from purported attempts by Defendants to collect debts based on legal services rendered. These allegations are not only similar to the prior case claims, they overlap quite significantly. As a result, the fourth element is met.

Because all four elements are met to invoke preclusion, the Court finds that the doctrine of res judicata applies and bars Plaintiff's claims against Defendants. Plaintiff's claims against Defendants were fully addressed by Judge Fleming and dismissed because of a determination that the allegations failed to state claims upon which relief could be granted.

Plaintiff's claims involving the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, while subject to the same finding of res judicata, present additional issues. While it is difficult to discern Plaintiff's request for relief under these statutes, the Court will endeavor to read the Amended Complaint in the most liberal manner feasible. In the Amended Complaint, Plaintiff recites 15 U.S.C. §§ 1–2, which provide for criminal penalties for those who unlawfully contract or act in restraint of trade. Doc. 12, PageID #206. Plaintiff also designates as "Count III," violations of 15 U.S.C. §§ 4–5, which are jurisdictional statutes setting forth a court's power to adjudicate alleged violations and issue temporary restraining orders as shall be deemed necessary. *Id.* at PageID #207. In the prayer for relief, Plaintiff requests that Defendants "[f]or violations of Title [15] U.S.C. §§ 1-7 be enjoined or otherwise prohibited." Doc. 12, PageID #208.

In order for Plaintiff to bring a claim under a criminal statute, the statute must provide a private right of action. Generally, Congress must state in clear and unambiguous terms that it intends to create a private right of action within a criminal statute. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002). An implied private right of action is exceedingly rare and usually considered a disfavored outcome. *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017). It follows, then, that Plaintiff's requests under the 15 U.S.C. §§ 1–7 require a private right of action to be actionable. Although Plaintiff does not state the basis of this requisite private right of action, the Court

recognizes that 15 U.S.C. § 26 provides such a right for private parties to seek injunctive relief "against threatened loss or damage by a violation of the antitrust laws." This remedy is available only if there is a valid claim that Defendants violated the antitrust laws. *Moore v. New York Cotton Exch.*, 270 U.S. 593, 603–04 (1926).

The dominant purpose of the antitrust statutes is to maintain competition between competitors. *Nat'l Collegiate Athletic Assoc. v. Alston*, 594 U.S. 69, 95 (2021). Plaintiff's antitrust allegations stem from their assertion that "Defendants made a contract to offer and perform legal services to CBE[1] which is illegal" and Defendants, therefore, "have engaged in conspiracy in restraint of commerce among [the] several states which is illegal." Doc. #12, PageID #206. These bare-bones conclusions lack the type of support required under both *Iqbal* and *Twombly* and fail to push Plaintiff's claims over the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678–79. Without a plausible claim of an antitrust violation, an injunction under 15 U.S.C. § 26 is plainly unwarranted. As a result, all claims made pursuant to antitrust laws are meritless and are therefore dismissed.

Defendants' Motion to Dismiss all Claims, Doc. #19, is sustained as a matter of law.

---

[1] The CBE Group, Inc. ("CBE") is a non-party in this case who contracted with the Secretary of the Treasury to attempt to collect a tax debt owed by Plaintiff. Doc. #12, PageID #197. Defendants represented CBE and became a named party in a prior case brought by Plaintiff. *See El v. CBE Grp., Inc.*, 1:22-cv-869 (N.D. Ohio).

11

## V. Conclusion

For the reasons set forth above, the Motion to Dismiss all Claims filed by Defendants Boyd William Gentry and the Law Office of Boyd W. Gentry, Doc. #19, is SUSTAINED.

Judgment is to be entered in favor of Defendants and against Plaintiff.

The above captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 14, 2024                    *Walter H. Rice*

                                               WALTER H. RICE
                                               UNITED STATES DISTRICT JUDGE